UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAWRENCE R. WHEATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:11-cv-00046-TWP-DML |
| ) | |
| HENDRICKS COUNTY SHERIFF, ) | |
| DAVID R. STUMM, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PARTIES' MOTIONS *IN LIMINE*

This matter is before the Court on the parties' motions *in limine*. Plaintiff Lawrence Wheatley ("Mr. Wheatley") filed this action alleging false arrest and battery pursuant to 42 U.S.C. § 1983. The Court previously denied Defendants' the Hendricks County Sheriff and David R. Stumm's ("Deputy Stumm" and collectively "Defendants") motion for summary judgment (Dkt. 48) and the case is proceeding to trial. Each party seeks to exclude categories of evidence from trial. Both parties have also filed objections to exhibits, and where appropriate, the Court resolves those objections below. For the reasons explained below, both Plaintiff's motion (Dkt. 65) and Defendants' motion (Dkt. 57) are **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

The facts of this case are set out at length in the Court's Entry on Defendants' Motion for Summary Judgment (Dkt. 48). In short, Mr. Wheatley entered the Hendricks County Auditor's Office to file mortgage exemptions on two parcels of land. The facts of what occurred that day are highly disputed, however, it is undisputed that Mr. Wheatley and Deputy Auditor Angela Bennett engaged in a tense exchange which resulted in two other employees calling for security.

Deputy Stumm was working security in the building and responded to the call. By the time Deputy Stumm arrived, everything was fairly calm and he attempted to mediate the situation. Ultimately, however, the situation escalated and Deputy Stumm arrested Mr. Wheatley for disorderly conduct. Mr. Wheatley was booked into jail, but was bonded out a few hours later. Mr. Wheatley claims he has suffered headaches, embarrassment, and emotional pain as a result of the incident. The charges against Mr. Wheatley were eventually dropped.

Mr. Wheatley brought suit pursuing four claims: (1) a federal claim for unreasonable seizure; (2) a federal claim for excessive force; (3) a state law claim for false arrest; and (4) a state law claim for battery. The federal claims are against Deputy Stumm, while the state law claims are against Deputy Stumm's employer, the Hendricks County Sheriff.

## II.  LEGAL STANDARD

The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. At 1401.

## III.  DISCUSSION

The Court will address each party's motions beginning with Mr. Wheatley's.

### A. Mr. Wheatley's Motion *in Limine*

Mr. Wheatley seeks to exclude three categories of evidence, which the Court will address in turn.

**1.  Information Unknown to Deputy Stumm upon Arrival in the Auditor's Office**

Mr. Wheatley seeks to exclude evidence describing the events that occurred in the Auditor's office prior to Deputy Stumm's arrival including evidence of Mr. Wheatley's prior bad experiences with the Auditor's office and evidence offered to prove whether or not Mr. Wheatley was entitled to file two mortgage exemptions. Specifically, Mr. Wheatley argues testimony that he was loud, yelling, rude, said "shut up", and slammed a briefcase on the counter would be unfairly prejudicial and would serve to confuse the jury.  The Court understands Mr. Wheatley's concern, but disagrees.  Evidence that puts the situation in context is relevant to why the employees called Deputy Stumm.  *See Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012) ("Even where evidence is not directly related to a disputed fact, it may be relevant when it provides background information.").  This includes witness testimony that Mr. Wheatley was perceived as being loud, yelling, rude, said "shut up", and slammed a briefcase on the counter. Given that Mr. Wheatley agrees he acted rudely, the Court cannot find this sort of evidence is so prejudicial as to require exclusion.  However, recognizing the potential for prejudice, the Court will admonish the jury that this evidence is offered for the limited purpose of background and context to explain why security was called.  Therefore, the Court denies this portion of Mr. Wheatley's motion *in limine*.

With respect to Mr. Wheatley's prior dealings with the Auditor's office, such as contentious telephone calls, this evidence is not relevant. Moreover, the Court finds that any evidence offered to prove Mr. Wheatley was not entitled to two mortgage exemptions is irrelevant.  Therefore, the Court grants this portion of Mr. Wheatley's motion *in limine*.

Also, Mr. Wheatley objects to Defendants' Exhibits 3 and 4, which are mortgage documents. Because the Court finds that the evidence of Mr. Wheatley's mortgage exemptions is irrelevant and inadmissible, the Court sustains Mr. Wheatley's objections to these exhibits.

### 2. Mr. Wheatley's Past Alcoholism and Anger Issues

Mr. Wheatley testified at his deposition that he has struggled with alcoholism but has been sober over fifteen years. Mr. Wheatley seeks to exclude as irrelevant this evidence and evidence that he had prior anger management problems. Defendants do not object to excluding Mr. Wheatley's past alcoholism. Therefore the Court grants this portion of Mr. Wheatley's motion *in limine*.

Mr. Wheatley also seeks to exclude evidence of his past anger control problems when he drank in the distant past. Defendants object and argues that evidence regarding Mr. Wheatley's anger management and admissions of stress associated with his lifestyle is relevant to damages as a possible cause of Mr. Wheatley's cluster headaches. Anger associated with past alcoholism is clearly not relevant and therefore inadmissible. Evidence, if any, of recent anger control issues as they relate to cluster headaches and damages is allowed.

### 3. Police Reports and Witness Statements

Mr. Wheatley seeks to exclude three reports he identifies as final exhibits 201: Deputy Stumm's probable cause affidavit, a disorderly conduct criminal information report and a Hendricks County Sheriff Report 09-3496. Defendants have not objected to exclusion of the probable cause affidavit, the criminal information report or the 09-3496 report and the Court agrees these reports are inadmissible under FRE 803(8). Therefore, the Court grants this portion of Mr. Wheatley's motion *in limine*. Because the Court finds this evidence is inadmissible, the Court sustains Mr. Wheatley's objection to exhibit 201.

Further, Mr. Wheatley seeks to exclude witness statements collected by Deputy Stumm after Mr. Wheatley's arrest. Mr. Wheatley argues the statements were prepared in anticipation of litigation and are therefore inadmissible hearsay. Defendants counter that the statements are admissible under FRE 801(d)(1)(B) "to rebut plaintiff's assertion that the auditor's staff is attempting to give favorable testimony in order to help Stumm." *See* Dkt. 69 at 9.

FRE 801(d)(1) (B) allows a prior extrajudicial statement, consistent with a witnesses's in-court testimony to be admitted to rebut or express implied charge of recent fabrication or improper motive. This issue is an evidentiary one dependent upon Mr. Wheatley's testimony at trial. Therefore, a determination of admissibility of the witness statements is best deferred until the time of trial. For now, the Court will exclude these statements, as inadmissible hearsay. If, however, at trial, counsel believes the statements are admissible and allowed under FRE 801(d)(1)(B), counsel is to request a hearing outside the presence of the jury and the Court will readdress admissibility. Therefore, the Court grants this portion of Mr. Wheatley's motion *in limine*.

Mr. Wheatley also objects to Defendants' Exhibits 11, 12, 13, and 202, which are the written statements of the employees. Because the Court finds these statements to be inadmissible unless a different evidentiary ruling is later made, the Court sustains Mr. Wheatley's objection to the exhibits.

**4. Summary of Rulings**

The Court grants Mr. Wheatley's motion *in limine* regarding the following evidence: (1) information unknown to Deputy Stumm, such as prior phone calls; (2) whether Mr. Wheatley was entitled to his mortgage exemptions; (3) Mr. Wheatley's past alcoholism; (4) the police reports; and (5) the written witness statements. The Court denies Mr. Wheatley's motion *in*

*limine* regarding the following evidence: (1) sequence of events giving context to the event at issue and (2) Mr. Wheatley's recent anger management as it relates to cluster headaches. Furthermore, the Court sustains Mr. Wheatley's objections to Defendants' Exhibits 3, 4, 11, 12, 13, 201, and 202.

**B. Defendants' Motion *in Limine***

Defendants seek to exclude nine categories of evidence. The Court will address each separately.

### 1. & 2. Defendants' Liability Insurance & Settlement Negotiations

Defendants seek to exclude evidence that they are covered by liability insurance under Federal Rule of Evidence 411 and evidence of settlement negotiations under Federal Rule of Evidence 408. These matters are not admissible under the rules of evidence and there are no objections from Mr. Wheatley, the Court grants this portion of Defendants' motion *in limine*.

### 3. Voluntary Dismissal of the Charges against Mr. Wheatley

Defendants seek to exclude evidence that the Special Prosecutor voluntarily dismissed the disorderly conduct charges against Mr. Wheatley. Defendants cite to *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979), for the proposition that "the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." They also cite to *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998), for the proposition that "a dismissal of the charge of disorderly conduct does not establish lack of probable cause or lack of objective reasonableness." Relying on these cases, they argue that any relevance of the voluntary dismissal of charges against Mr. Wheatley is substantially outweighed by the danger of unfair prejudice, specifically the potential misleading of the jury.

Mr. Wheatley argues the dismissal of criminal charges is relevant to the issue of damages. He asserts that the Seventh Circuit pattern jury instruction No. 7.06 sufficiently covers the issue of unfair prejudice. The Court agrees with Mr. Wheatley and will admonish the jury that this evidence does not bear on the validity of Mr. Wheatley's arrest. Defendants do not point the Court to any case law that suggests exclusion is the appropriate remedy. Therefore, the Court denies this portion of the Defendants' motion *in limine*.

Additionally, Defendants object to Mr. Wheatley's Exhibits 102 and 103, which are the motion and order to dismiss in Mr. Wheatley's criminal case. Because the Court has determined evidence of the dismissal is admissible, the Court will overrule Defendants' objection at this time.

### 4. Prior Complaints against Deputy Stumm

Defendants seek to exclude as irrelevant evidence of complaints or lawsuits against Deputy Stumm while he was employed as a police officer for the Town of Brownsburg. Mr. Wheatley argues this evidence is admissible to impeach his credibility. The Court finds that there is insufficient information in the record to rule on this motion at this time. The parties are instructed to be prepared to discuss this issue at the Final Pretrial Conference with the Court.

### 5. Lay Testimony Regarding Mr. Wheatley's Health or Emotional Status

Defendants seek to exclude the testimony of Mr. Wheatley's family members who may testify regarding Mr. Wheatley's physical and emotional health following the event at issue. They argue this lay testimony is admissible as it concerns medical causation. Defendants are correct insofar as such testimony relates to diagnosis or causation. However, observation testimony regarding Mr. Wheatley's physical and emotional health is admissible. Therefore, the Court grants the motion *in limine* as it relates to lay opinions regarding diagnosis or causation

and denies the portion of Defendants' motion *in limine* relating to witnesses' observations of Mr. Wheatley's physical condition following his arrest.

### 6. Deputy Stumm's Failure to Administer a *Miranda* Warning

Defendants seek to exclude evidence that Deputy Stumm did not give Mr. Wheatley *Miranda* warnings upon his arrest. Defendants argue Mr. Wheatley does not assert any violations of the Fifth Amendment, thus the administering of *Miranda* warnings is irrelevant. Mr. Wheatley argues the evidence is admissible to show that Deputy Stumm's actions were "inconsistent with the way law enforcement officers are supposed to act when arresting somebody." Dkt. 72 at 4. The Court agrees with Defendants that this evidence is irrelevant and not probative to any issue before the jury. The motion *in limine* is granted.

### 7. Statement from an Unidentified Jail Employee

Defendants seek to exclude a "hearsay" statement of an unidentified Hendricks County Jail employee. According to Mr. Wheatley, while he was being booked at the jail, the employee asked the question, "Do we really have to do this?" Defendants fail to establish the question is hearsay. The hearsay rule does not bar admission of this question, because a question cannot be used to show the truth of the matter asserted. See *United State V. Detrich*, 865 F.2d 17, 20-21 (2d Cir.1988)., Moreover, the lack of identity of the jail employee does not render the inquiry inadmissible. See *United States v. Saavedra*, 684 F.2d 1293, 1298 (9th Cir.1982). Alternatively, Defendants argue the question is irrelevant or is prejudicial. In his response, Mr. Wheatley failed explain to the Court how this question is relevant. The parties, therefore, should be prepared to further discuss this motion at the final pretrial. Further, if the question is allowed in evidence the Court will admonish the jury that the statement is not offered for the truth of the matter.

### 8. The Sheriff's Department's Refusal to Return Mr. Wheatley's Property

Defendants seek to exclude evidence that the Hendricks County Sheriff's Department confiscated or refused to return Mr. Wheatley's personal property. They argue the evidence is irrelevant and prejudicial. Mr. Wheatley argues this is admissible evidence of his experience resulting from his false arrest. The Court agrees that this evidence is admissible regarding damages. Therefore, the Court denies this portion of Defendants' motion *in limine*.

### 9. Mr. Wheatley's Motivation to Bring Suit

Defendants seek to exclude Mr. Wheatley's counsel from making argument that Mr. Wheatley pursued the lawsuit to vindicate the rights of other taxpayers as improper or prejudicial. Mr. Wheatley counters that no authority for this exclusion has been provided and "it is not improper to argue regarding public policies advanced by this type of public interest litigation". See Dkt. 72 at 6. In his Complaint, Mr. Wheatley seeks "all relief available under the law, including compensatory and punitive damages (the latter against Defendant Stumm only)" Dkt. 1 at 6. Therefore this type of argument is not necessarily improper. Additionally, Mr. Wheatley is correct that Defendants have provided no authority on this point. Therefore, the Court denies this portion of Defendants' motion *in limine*.

### 10. Summary of Rulings

The Court grants Defendants' motion *in limine* regarding the following evidence: (1) liability insurance and (2) settlement negotiations, and (3) Deputy Stumm's failure to administer a *Miranda* warning to Mr. Wheatley. The Court denies Defendants' motion *in limine* regarding the following evidence: (1) dismissal of the charges against Mr. Wheatley; (2) lay testimony about Mr. Wheatley's health; (3) Sheriff's Department's refusal to return Mr. Wheatley's property; and (4) argument relating to Mr. Wheatley's motivation for this lawsuit. The Court

makes no ruling on the admissibility of prior complaints about Deputy Stumm and the relevance of the question made by a jail employee at Mr. Wheatley's booking. The parties are instructed to be prepared to discuss these two issues at the Final Pretrial Conference.

## IV.  CONCLUSION

As described above, the parties' motions *in limine* are **GRANTED in part** and **DENIED in part**. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 09/12/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Jaunae M. Hanger
WAPLES & HANGER
jhanger@wapleshanger.com

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com